IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 MAR 20 P 12: 38

P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

| | |
|---|---|
| B. GARY DAY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 3:06CV260-VPM |
| WALTER EDWARD FRENCH, III; CHRISTOPHER B. FRENCH; JOHN FLORY; and JEROME SHORT, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant, John Flory, hereby gives notice of removal of this action, and to which the other named Defendants have expressly consented or joined, from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division, as the district and division in which such action is pending. As grounds for this removal, Defendant, John Flory states as follows:

1. On or about February 16, 2006, Plaintiff, B. Gary Day (Day) commenced an action in the Circuit Court of Russell County, Alabama, styled _B. Gary Day, Plaintiff v. Walter Edward French, III; Christopher B. French; John Flory; Jerome Short, Defendants_, Civil Action No.: CV-06-59.

2. In Count One of his complaint, Plaintiff Day alleges that Defendants negligently, intentionally, maliciously and wantonly set fire to Plaintiff's land in Russell County, Alabama. (See, Complaint at ¶ 1). In Count One of the complaint Plaintiff Day alleges that the land was purchased by Plaintiff Day for a financed purchase price of

$117,945.00 including five annual installments of $35,589.00 plus four percent interest. (See, Complaint at ¶ 1). Plaintiff Day also alleges in Count One of his complaint that the money for the payment of the land was to be derived from the use of the land as a commercial hunting preserve and that Plaintiff will lose at least two years revenue due to the destruction of sage fields. (See, Complaint at Count One, ¶ 1). In Count Two of his complaint, Plaintiff Day alleges that Defendants intentionally or recklessly caused Plaintiff to suffer emotional distress by setting fire to Plaintiff's land. (See, Complaint, Count Two at ¶ 2). The Plaintiff also alleges in Count Two of his complaint that Defendants' actions toward the Plaintiff were so outrageous in character, and so extreme and egregious to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society. (See, Complaint at Count Two, ¶ 3). In Count Three of his complaint Plaintiff Day attempts to allege a cause of action for trespass. In Count Four of his complaint Plaintiff Day alleges Defendants conspired to commit the unlawful, intentional, malicious and outrageous acts on Plaintiff's land. Each count of the complaint filed by Plaintiff Day demands judgment against the Defendants for compensatory and punitive damages. (See, Complaint, Count One at ¶ 1, Count Two at ¶'s 5 and 6, Count Three at ¶ 3, Count Four at ¶ 3).

3.     As stated above, Plaintiff demands judgment in all counts of the complaint for compensatory and punitive damages.

4.     Defendant John Flory first received a copy of the initial pleadings setting forth the claim for relief by service by certified mail on February 23, 2006. See, Exhibit "1". The records of the Circuit Clerk reflect that Defendant Walter Edward French, III, was the first served Defendant by certified mail on February 23, 2006 and that Defendant Jerome Short

was first served by certified mail on February 24, 2006. See, Exhibit "1". The records of the Circuit Clerk reflect that the service upon Defendant Christopher B. French was returned undeliverable on February 27, 2006. See, Exhibit "1".

5. True and correct copies of all process, pleadings and orders served or purportedly served upon Defendants in said action are attached hereto and marked as Exhibit "1" and made a part hereof.

6. Pursuant to 28 U.S.C. §1446(b), the Defendants have thirty days from the receipt by the Defendant, through service or otherwise, of the initial pleading setting forth a claim for relief upon which such action or proceeding is based to remove a case. 28 U.S.C. §1446(b).

7. This notice of removal is filed by Defendant, John Flory, within thirty days after Defendants John Flory and Walter Edward French, III, the purported first served Defendants, received Plaintiff's complaint on or about February 23, 2006; therefore, this removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 6(a) of the *Federal Rules of Civil Procedure*. Defendant, Walter E. French, III, consents to removal as evidenced by his notice of consent to removal attached hereto as exhibit "2". Defendant Jerome Short consents to removal as evidenced by his notice of consent to removal attached hereto as Exhibit "3". Defendant Christopher B. French is not required to join in or consent to removal because said Defendant is an unserved Defendant. See, Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Nevertheless, Defendant, Christopher B. French consents to this removal as evidenced by his notice of consent to removal attached hereto as Exhibit "4". Plaintiff Day has not named fictitious Defendants in his complaint although, for purposes of removal,

the citizenship of Defendants sued under fictitious names shall be disregarded. 28 U.S.C. §1441(a). Thus, all Defendants named in Plaintiff's complaint have joined in or consented to this removal within thirty days after service upon the first served Defendant on February 23, 2006; therefore, this removal is timely filed pursuant to 28 U.S.C. ¶1446(b) and Rule 6(a) of the *Federal Rules of Civil Procedure.*

8. In accordance with 28 U.S.C. §1446(b) a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Russell County, Alabama. A copy of the notice of filing of notice of removal is attached hereto as Exhibit "5".

9. This action is hereby removed by Defendant from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division, as the District Court of the United States for the district and division embracing the place where such action is pending. See, 28 U.S.C. §81(b)(3) and 28 U.S.C. §1446(a). Thus, venue is proper in the United States District Court for the Middle District of Alabama, Eastern Division.

**FEDERAL DIVERSITY JURISDICTION**

**COMPLETE DIVERSITY**

10. Plaintiff, B. Gary Day, is an adult resident citizen of Barbour County, Alabama. Plaintiff, B. Gary Day is not a resident citizen of the State of Georgia. Thus, Plaintiff, B. Gary Day is for diversity purposes a citizen of the State of Alabama.

11. Defendants, Walter Edward French, III, Christopher B. French, John Flory and Jerome Short, are each adult resident citizens of Muscogee County, Georgia. See, Exhibit "1". Thus, Defendants, Walter Edward French, III, Christopher B. French, John

Flory, and Jerome Short are for diversity purposes each a citizen of the State of Georgia. Defendants, Walter Edward French, III, Christopher B. French, John Flory, and Jerome Short are not resident citizens of the State of Alabama.

12.   No Defendant is a citizen of the State of Alabama. The only Plaintiff, B. Gary Day, is an adult resident citizen of the State of Alabama. Therefore, there is complete diversity between Plaintiff and Defendants, and jurisdiction of this Court predicated on diversity of the citizenship and the amount in controversy exists pursuant to 28 U.S.C. §1332.

## AMOUNT IN CONTROVERSY

13.   This case meets the $75,000.00 amount in controversy requirement for diversity jurisdiction purposes under 28 U.S.C. §1332(a) because the value of the relief Plaintiff seeks exceeds $75,000.00, exclusive of interest and costs.

14.   In Plaintiff's complaint, Plaintiff demands judgment in each of the four counts for an unspecified amount of compensatory and punitive damages. Plaintiff's complaint, however, is not completely devoid of evidence that the requisite amount is in controversy. In Count One of his complaint Plaintiff alleges he purchased the subject property for $117,945.00 and that he has lost at least two years revenue which were to be used to make two annual payments totaling over $71,000.00 plus interest totaling over $8,000.00. (See, Complaint at ¶ 1). In addition, Plaintiff's complaint demands other unspecified compensatory damages, plus damages for mental anguish, and punitive damages for the alleged intentional, malicious and/or reckless acts of Defendants including, inter alia, trespass and the tort of outrage.

15.   Where a Plaintiff seeks recovery for an indeterminate amount, diversity

5

jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  See, e.g., Leonard v. Enterprise Rent A Car, 279 F. 3rd 967, 972 (11th Cir. 2002); Tapscott v. M.S. Dealer Service Corp., 77 F. 3rd 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by*, Cohen v. Office Depot, Inc., 204 F. 3rd 1069 (11th Cir. 2000).  Proof of the amount in controversy requirement can be made in either of two ways:  (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000.00; or (2) by setting forth the facts in controversy-either in the removal papers or by affidavit-that support a finding of the requisite amount. Williams v. Best Buy Co., Inc., 269 F. 3rd 131, 1319-20 (11th Cir. 2001); Sierminski v. TransSouth Financial Corp., 216 F. 3rd 945, 948-49 (11th Cir. 2000).  The determination of whether jurisdiction is "facially apparent" is left in part to the court's intuition and common sense.  HWJ, Inc., v. Burlington Insurance Company, 926 F. Supp. 593, 595 (E.D.Tex. 1996).  Where jurisdiction is not "facially apparent," the removing defendant may use summary judgment type evidence to establish that the amount in controversy exceeds $75,000.00.  Williams, 269 F. 3rd at 1320; Sierminski, 216 F. 3rd at 948.  As the Eleventh Circuit has recognized,"if the jurisdictional amount is not facially apparent from the complaint, the courts should look to the notice of removal and may require evidence available to the amount in controversy at the time the case was removed".  Williams, 269 F. 3rd at 1319.

16. All of this is a lower burden of proof than the "legal certainty" standard where the defendants were attempting to prove that the amount in controversy exceeded a specific amount (below the jurisdictional minimum) claimed in the complaint. Tapscott, 77 F. 3rd at 1357.  Indeed, this court has described the burden of proof in the following way:

6

> This court holds that in a diversity case where no specific amount of damages is claimed in the complaint filed in state court, the removing defendant's burden is to establish by a preponderance of the evidence that the amount in controversy is greater than [the jurisdictional minimum] and that this may be done by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. This standard balances the plaintiff's right to choose a proper forum and the defendant's right to remove where federal jurisdiction exists.

Bolling v. Union Nat. Life Ins. Co., 900 F. Supp. 400, 405 (M.D. Ala. 1995) (emphasis added). See also, Moss v. Voyager Ins. Cos., 43 F. Supp. 2d 1298 (M.D. Ala. 1999).

17. In this type removal petition, the operative standard is whether a preponderance of the evidence indicates that a verdict in favor of the Plaintiff (if there is to be one) "reasonably may exceed" the jurisdictional minimum. In this case, the amount in controversy more than likely exceeds the sum of $75,000.00, exclusive of interest and costs, because the Plaintiff seeks compensatory (including, but not limited to, damages for lost income/revenue, damage to real property and mental anguish) plus punitive damages. There are no statutory caps of less than $75,000.00 on compensatory and punitive damages for which the Plaintiff seeks recovery. The Alabama Supreme Court has upheld awards for this type of injury in an amount exceeding $75,000.00. See, Delchamps, Inc., v. Bryant, 738 So. 2d 824 (Ala. 1999). (An award of $100,000.00 affirmed as damages for emotional distress in a malicious prosecution case). In this case the Plaintiff is claiming damages for not only mental anguish but emotional distress or psychological injuries resulting from the alleged intentional acts of Defendants. In Alabama Power Company v. Murray, 751 So. 2d 494 (Ala. 1999) an award of $84,000.00 was affirmed as emotional distress damages for a Russell County plaintiff not physically injured when a house burned down. See, also, Delchamps v. Bryant, 728 So. 2d 824 (Ala. 1999) (malicious prosecution

award of $400,000.00 remitted to $100,000.00) and Orkin Exterminating Co., Inc. v. Jeter, 832 So. 2d 25 (Ala. 2001) (mental anguish award of $400,000.00 remitted to $300,000.00 even though mental anguish duration only 9 months in a termite damaged home case). Punitive damage awards well in excess of the minimum jurisdictional amount are also routinely upheld. See, e.g., Chrysler Corp., v. Shiffer, 736 So. 2d 538 (Ala. 1999) (punitive damage award reduced to $150,000.00 in a fraud action involving an allegedly new pick-up truck); USA Petroleum Corp., v. Hines, 770 So. 2d 589 (Ala. 1999) (punitive damages award of $200,000.00 sustained in an assault and battery case); Akins Funeral Home, Inc. v. Miller, 878 So. 2d 267 (Ala. 2003) (compensatory damage awards of $450,000.00 and $200,000.00 and punitive damage awards of $150,000.00 each to two plaintiffs affirmed on claims of negligence, wantonness and outrage regarding an undesired cremation). Furthermore, in Russell County, Alabama, large awards have been upheld in negligently caused fire and tort of outrage cases. See, Alabama Power Company v. Murphy, supra (Russell County jury award of $150,000.00 each to two plaintiffs regarding alleged negligence resulting in fire and less than $36,000.00 property damage affirmed as to one plaintiff and remitted to $84,000.00 as to second plaintiff); see also, Phillips v. Randolph, 828 So. 2d 269 (Ala. 2002) (Russell County trial court award of $244,000.00 in compensatory damages and $250,000.00 punitive damages on default judgment upheld in action for fraud, conspiracy conversion and outrage); compare, Palm Harbor Homes, Inc. v. Crawford, 689 So. 2d 3 (Ala. 1997) (Russell County jury verdict for over $1,000,000.00 for fraud and breach of warranty regarding defective mobile home reversed on other grounds). Furthermore, Alabama law only caps punitive damage awards against Defendants at the greater of $500,000.00 or three times the compensatory damages. See,

§6-11-21, Code of Alabama, 1975.

18. Any potential award of punitive damages against the defendant is included in determining the amount in controversy if punitive damages are recoverable under governing law. See, Bell v. Preferred Life Insurance Society of Montgomery, Alabama, 320 U.S. 238, 240 (1943); Holly Equipment Co., v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987). All counts of Plaintiff Day's complaint, except for Plaintiff's negligence claim, seek recovery of punitive damages.

19. Thus, under the pleadings of the Plaintiff and the facts before the court it is clear that the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

20. A true and correct copy of this notice of removal is being served upon all counsel of record.

21. A true and correct copy of this notice of removal is being filed with the Circuit Court of Russell County, Alabama.

22. By filing this notice of removal, Defendant does not waive any defense that may be available to Defendant.

23. A copy of all pleadings served or purported to be served upon Defendants are attached to the original notice of removal. See, Exhibit "1".

24. There is complete diversity of citizenship between the parties, and this Court has original jurisdiction over this action based on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332.

25. All Defendants have consented in writing to this removal as evidenced by Exhibits "2", "3", and "4" hereto, which exhibits are adopted by reference as if fully set forth

herein.

26. Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(a).

27. The notice of removal has been filed in this Honorable Court pursuant to 28 U.S.C. §1446(a), as the district and division in which such action is pending.

**WHEREFORE**, Defendant, John Flory, files this notice of removal, which has been expressly consented to in writing by all other named Defendants, so as to effect the removal of this action from the Circuit Court of Russell County, Alabama, to this Court. Defendant prays this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Defendant further prays that the removal of this cause to this Court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Russell County, Alabama.

Dated this the 20th day of March, 2006.

_____
ROGER S. MORROW, MOR032

_____
JOEL H. PEARSON, PEA019
Attorneys for Defendant, John Flory

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
122 South Hull Street
Post Office Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Facsimile: (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 20th day of March, 2006.

Hon. James L. Martin         Hon. Sydney S. Smith
P.O. Box 14                  1503 Broad Street
Eufaula, Alabama 36072-0014  Phenix City, Alabama 36867

_____
Of Counsel