IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| B. GARY DAY, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CASE NO. <u>3:06CV260-VPM</u> |
| ) | |
| WALTER EDWARD FRENCH, III; ) | JURY TRIAL DEMANDED |
| CHRISTOPHER B. FRENCH; JOHN ) | |
| FLORY; AND JEROME SHORT, ) | |
| ) | |
| DEFENDANT | |

## ANSWER OF DEFENDANT JEROME SHORT

**COMES NOW**, Defendant, Jerome Short, by and through the undersigned counsel, and answers Plaintiff's complaint in this action as follows:

### RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT

(COUNT ONE)

1. Defendant Short denies the allegations contained in paragraph 1 and all numbered paragraphs of Count One of Plaintiff's complaint and demands strict proof thereof.

(COUNT TWO)

2. Defendant Short denies the allegations contained in paragraph 1 of Count Two of Plaintiff's complaint and demands strict proof thereof.

3. Defendant Short denies the allegations contained in paragraph 2 of Count Two of Plaintiff's complaint and demands strict proof thereof.

4. Defendant Short denies the allegations contained in paragraph 3 of Count Two of Plaintiff's complaint and demands strict proof thereof.

5. Defendant Short denies the allegations contained in paragraph 4 of Count Two of Plaintiff's complaint an demands strict proof thereof.

6. Defendant Short denies the allegations contained in paragraph 5 of Count Two of Plaintiff's complaint and demands strict proof thereof.

**(COUNT THREE)**

7.  In response to paragraph 1 of Count Three of Plaintiff's complaint, Defendant Short adopts by reference the responses contained in paragraphs 1 through 6 of this answer.

8.  Defendant Short denies the allegations contained in paragraph 2 of Count Three of Plaintiff's complaint and demands strict proof thereof.

9.  Defendant Short denies the allegations contained in paragraph 3 of Count Three of Plaintiff's complaint and demands strict proof thereof.

**(COUNT FOUR)**

10. In response to paragraph 1 of Count Four of Plaintiff's Complaint, Defendant Short adopts by reference the responses contained in paragraphs 1 through 9.

11. Defendant Short denies the allegations contained in paragraph 2 of Count Four of Plaintiff's complaint and demands strict proof thereof.

12. Defendant Short denies that Plaintiff is entitled to any of the relief demanded in any and all counts of the complaint and demands strict proof thereof.

**GENERAL DENIAL**

13. Defendant Short denies each and every material allegation contained in Plaintiff's complaint asserted against Defendant Short that is not expressly admitted in this answer and demands strict proof thereof.

**ADDITIONAL DEFENSES, RESPONSES AND AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant Short in this matter. Defendant Short therefore asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendant Short may withdraw any of these defenses as may be appropriate. Further, Defendant reserves the right to amend this answer to assert additional defenses or claims as discovery proceeds. Further answering, and by way of defense, Defendant Short states as follows:

14. Plaintiff's complaint, and each count and cause thereof, separately and severally, fail to state a cause of action against Defendant Short upon which relief may be granted.

15. Defendant Short asserts that he is not guilty of any wrongdoing.

16. Defendant Short was not in any manner negligent or wanton.

17. Defendant Short denies that it was guilty of any wrongdoing, error, act or omission that may have caused damages to Plaintiff.

18. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Short.

19. Defendant Short asserts Plaintiff has failed to mitigate the injuries and damages claimed in the Complaint, if any.

20. Defendant Short's conduct or activities were not the proximate cause of Plaintiff's injuries.

21. Defendant Short asserts Plaintiff's injuries were the result of an independent intervening cause.

22. Defendant Short avers that the injuries and/or damages alleged by Plaintiff were the result of superseding and/or intervening acts of others for whom Defendant Short owes no legal responsibility.

23. Defendant Short avers that Plaintiff's injury was the result of superseding and intervening acts other than the alleged acts of this Defendants.

24. Defendant Short denies that it breached any obligation and/or duty owed to the Plaintiff.

25. Defendant Short denies that he is guilty of any wrongful or actionable conduct. Defendant Short denies that any conduct on his part caused or contributed to any injury or damage sustained by Plaintiff.

26. Defendant Short pleads the general issue.

27. Defendant short pleads the defense of justification.

28. Defendant avers that he is not indebted or liable to the Plaintiff.

29. Defendant Short avers that there is no causal relation or relation in fact between the activities of this Defendant and the alleged injury which is the subject of this lawsuit.

30. Defendant Short asserts that Plaintiff's injury was not a proximate result of the actions this Defendant as alleged in the Complaint.

31. Defendant Short asserts the defense of contributory negligence on the part of Plaintiff as a complete bar to Plaintiff's claims.

32. Defendant Short asserts the defense of assumption of the risk on the part of the Plaintiff as a complete bar to Plaintiff's claims.

33. Defendant Short denies that he is vicariously liable or otherwise legally liable or responsible for the acts, errors, occurrences or alleged wrongful conduct of any other defendant in this lawsuit.

34. Defendant Short pleads as a defense, credit or set off against the damages claimed by Plaintiff for all monies and sums paid to or on behalf of Plaintiff from collateral sources for injuries or damages suffered in the incident made the basis fo this case by any source.

35. Defendant reserves the right to assert Plaintiff's claims are barred in whole or in party by the applicable statute(s) of limitations, Rule of Repose and/or Statute of Repose, that may become applicable to the claim.

36. Defendant Short denies that Plaintiff suffered injuries as a proximate consequence of any acts or omissions by this Defendant.

37. Defendant Short denies that he is guilty of fraud, oppression, malice and/or wanton conduct.

38. Defendant Short avers and alleges that damages for mental anguish are not recoverable in this action by Plaintiffs. Defendant Short avers that Plaintiff was not in the "zone of danger" for recovery of damages for mental anguish, that damages for mental anguish cannot be recovered in this action.

39. Defendant Short avers and asserts all applicable defenses and damage limitations available to it as a result of the passage of the Tort Reform Statutes enacted in June of 1987.

40. Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendant Short in this case.

41. Defendant Short contests the amount, extent and nature of the damages claimed by the Plaintiff in the Complaint, as well as the cause of Plaintiff's injuries and damages.

42. Defendant Short denies it is guilty of conduct for which punitive damages could or should be awarded and denies that Plaintiff has produced clear and convincing

evidence sufficient to support or sustain the imposition of punitive damages against Short.

43. Plaintiff cannot recover punitive damages against Defendant Short because such an award, which is penal in nature, would violate Short's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Short is afforded the same procedural safeguards as are criminal defendants, including but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

44. Defendant Short asserts as a defense to Plaintiff's claim for punitive damages the provision of §6-11-27(a), *Code of Alabama of 1975*.

45. Defendant Short asserts as a defense and limitation to Plaintiff's claim for punitive damages all tort reform provisions of the Alabama Tort Reform Statutes, §§6-11-1, *et seq.* of the *Code of Alabama of 1975*, including but not limited to §6-11-21, §6-11-22, §6-11-23, §6-11-24, §6-11-25, §6-11-26, §6-11-27 and §6-11-28. Short specifically avers that the punitive damages legislation set forth in §6-11-21, *Code of Alabama (1975)* is applicable to this case.

46. The demand for punitive damages in this instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, *Code of Alabama*.

47. Defendant Short asserts that subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

   a. any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof beyond a reasonable doubt;

  b. there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

  c. use of the *Alabama Pattern Jury Instructions* or other commonly used federal jury instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award of punitive damages;

  d. any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

  e. the power and authority imposed upon the jury under Alabama law as to the amount of the punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

  f. under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and Short's alleged wrongful or culpable conduct;

  g. under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

  h. under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

  i. in the event that an award of punitive damages is entered in this case, such an award would be imposed regardless of the degree of culpability of Short, and such an award could result in a verdict against Short whereby punitive damages could be assessed against Short based in part upon culpability of another party, and such verdict could be enforced against Short regardless of defendant's culpability, or relative culpability;

  j. should the Court require the award of punitive damages against Short, such an award would be contrary to the objective of punishing specific

misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

  k. an award of punitive damages should not be permitted to be assessed against Short for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Short.

  l. an award of punitive damages should not be permitted to be assessed against Short vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Short;

  m. Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

  n. under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

  o. the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Short;

  p. the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  q. the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

  r. the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

  s. an award of punitive damages would constitute an arbitrary and capricious taking of property of Short without due process of law.

  48. Plaintiff is not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

  49. The claim of the Plaintiff for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

50. Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

51. To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

52. In the event that any portion of a punitive damages award against Short in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than Plaintiff, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15 of the Alabama Constitution.

53. To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

54. Defendant asserts as a defense to Plaintiff's claims for punitive damages all the defenses and constitutional protections enunciated in the Untied States Supreme Court decisions rendered in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996); Cooper Industries v. Leatherman Tool Group, Inc., 121 S. Ct. 1678 (2110) and State Farm Automobile Ins. Co. v. Campbell, 235 S. Ct. 1513 (2003).

55. Based upon Alabama procedures relative to punitive damages, which provide no objective, logical or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, §§ 1, 6 and 22 of the Alabama Constitution, separately and severally.

56. Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects;

  a. The <u>Hammond</u> and <u>Green Oil</u> procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

  b. The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

  c. The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

  d. The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

  e. This procedure is inadequate in that the trier of fact according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

  f. The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on the discretion of the trier of fact in awarding punitive damages.

57. The demand for punitive damages in this instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, *Code of Alabama.*

58. The imposition of punitive damages sought by Plaintiff violates Defendant's right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

  a. Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that make punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount

of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

   b. Defendant had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

   c. Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

   d. Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a Defendant.

   e. No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc., v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), <u>Pacific Mutual Life Insurance Company v. Haslip</u>, 499 U.S. 1 (1990), and <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976) for the imposition of a punitive award.

   f. Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

   g. Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Short could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

   59. The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

60. Defendant affirmatively avers that the Plaintiff's claims for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

61. Defendant Short asserts that pursuant to §6-11-21 of the *Code of Alabama*, 1975, it is not liable for any portion of any award of punitive damages wherein there has been no express findings that Short engaged in conduct as defined in §6-11-20, *Code of Alabama*, 1975. Defendant Short is not jointly and severally liable to Plaintiff for any award of punitive damages.

62. Defendant Short reserves the right to plead such other defenses as may become apparent or available during the course of litigation.

63. Defendant Short adopts by reference and asserts any and all affirmative defenses asserted by any co-defendant in this action which may be applicable to this Defendant.

**WHEREFORE**, Defendant Short, demands judgment be entered in its favor, that Plaintiff's Complaint be dismissed with prejudice, and that all costs of this proceeding and Defendant's reasonable attorney's fees be assessed against Plaintiff.

_____
KENNETH L. FUNDERBURK
FUN002
Attorney for Defendant,
Jerome Short


DEFENDANT DEMANDS A TRIAL BY A STRUCK JURY

_____
OF COUNSEL

OF COUNSEL:

FUNDERBURK, DAY & LANE
1313 Broad Street
P.O. Box 1268
Phenix City, Alabama 36868-1268
Telephone: (334) 297-2900
Facsimile: (334) 297-2224

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class, postage prepaid on this the 24th day of March, 2006.

        Honorable James L. Martin
        P.O. Box 14
        Eufaula, Alabama 36072-0014

        Honorable Sydney S. Smith
        1503 Broad Street
        Phenix City, Alabama 36867

_____
OF COUNSEL