IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| B. GARY DAY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | 3:06 CV-260-MHT |
| | * | |
| WALTER EDWARD FRENCH, III, | * | |
| CHRISTOPHER B. FRENCH, et al., | * | |
| | * | |
| Defendants. | * | |

ANSWER OF DEFENDANT CHRISTOPHER B. FRENCH

COMES NOW, Christopher B. French, (hereinafter referred to as "Defendant"), by and through undersigned counsel, and in response to Plaintiff's Complaint, answers as follows:

COUNT I

1. Defendant denies the allegations contained in Paragraph 1 – Count One and all other unnumbered paragraphs of Count One of Plaintiff's Complaint.

COUNT TWO

1. Defendant hereby adopts and re-avers his response to the preceding paragraphs as if fully set-out and re-averred herein in full.

2. Defendant denies the allegations contained in Paragraph 2 – Count Two of Plaintiff's Complaint.

3. Defendant denies the allegations contained in Paragraph 3 – Count Two of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 – Count Two of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 – Count Two of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 – Count Two of Plaintiff's Complaint.

## COUNT THREE

1. Defendant hereby adopts and re-avers his responses to the preceding paragraphs as if fully set-out and re-averred herein in full.

2. Defendant denies the allegations contained in Paragraph 2 – Count Three of Plaintiff's Complaint.

3. Defendant denies the allegations contained in Paragraph 3 – Count Three of Plaintiff's Complaint.

## COUNT FOUR

1. Defendant hereby adopts and re-avers his responses to the preceding paragraphs as if fully set-out and re-averred herein in full.

2. Defendant denies the allegations contained in Paragraph 2 – Count Four of Plaintiff's Complaint.

3. Defendant denies the allegations contained in Paragraph 3 – Count Four of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant denies the material allegations of the Plaintiff's Complaint and demand strict proof thereof.

## SECOND DEFENSE

Defendant says he is not guilty of the things and matters as alleged in the Plaintiff's Complaint.

## THIRD DEFENSE

Defendant says that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## FOURTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective, standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution for the following reasons:

(i) It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

(ii) It fails to provide specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

      (iii)    It results in the imposition of different compensation for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

      (iv)    It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

    (b)    The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

      (i)    It fails to provide a limit on the amount of the award against the Defendant;

      (ii)    It is unconstitutionally vague;

      (iii)    It fails to provide specific standards in the amount of the award of such damages; and

      (iv)    It constitutes a deprivation of property without due process of law.

## FIFTH DEFENSE

1.    The Defendant says the complaint fails to state a claim upon which punitive damages may be awarded.

2.    The Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

3.    The Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

4. The Defendant says an award of punitive damages to the Plaintiffs in this case may be violative of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, in that the state may share in any such award. See Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257 (1989).

5. The Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

6. The Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

7. The Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

8. The Defendant says it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against the

Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose documents and evidence.

9. The Defendant says it is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose documents and evidence.

10. The Defendant says the Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America; and

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America.

11. The Defendant says the Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of the State of Alabama on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law.

12. The Defendant says the Plaintiffs' attempt to impose punitive or extracontractual damages on the Defendant on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

13. The Defendant says the award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

14. The Defendant says the award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of the State of Alabama.

15. The Defendant says the complaint fails to state a claim for punitive damages under Alabama Code sections 6-11-20 to 6-11-30 and is barred.

16. The Defendant says Alabama's system for assessing punitive damages leads to awards that are so grossly excessive as to constitute an arbitrary deprivation of life, liberty, or property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Further the Defendant did not have fair notice of the magnitude of the

sanctions that may be imposed under Alabama's system for assessing punitive damages. <u>BMW of N. Am., Inc. v. Gore</u>, 116 S. Ct. 1589 (1996).

      17.     The Defendant avers the demand for punitive damages in this case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code section 6-11-21 (1972). Further, the Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect. Under the Constitution of the United States and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. <u>See</u> <u>Honda Motor Co. v. Oberg</u>, No. 93-644, 1994 WL 276687, n.9 (U.S. June 24, 1994).

                                          ATTORNEYS FOR DEFENDANT –
                                          CHRISTOPHER B. FRENCH:

                                          /s/ Leon A. Boyd, V
                                          HERMAN COBB (COB004)
                                          LEON A. BOYD, V (BOY035)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document upon the following by either electronic service or by placing a copy of same in the United States Mail, postage prepaid and properly addressed this the 18th day of April, 2006.

James L. Martin, Esq.
PO Box 14
Eufaula, Alabama 36072-0014

Joel H. Pearson, Esq.
PO Box 4804
Montgomery, Alabama 36103-4804

Kenneth L. Funderburk
PO Box 1268
Phenix City, Alabama 36868

                                                                     /s/ Leon A. Boyd, V
                                                                     OF COUNSEL