IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| B. GARY DAY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | 3:06 CV-260MHT |
| | * | |
| WALTER EDWARD FRENCH, III, | * | |
| CHRISTOPHER B. FRENCH, et al., | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS' MOTION FOR ENTRY OF STAY
AND/OR PROTECTIVE ORDER ON DISCOVERY**

COMES NOW, Walter Edward French, Christopher B. French, and Jerome Short, three of the defendants in the above-styled cause, by and through counsel of record, and pursuant to Fed. R. Civ. P. 26, and the inherent power vested in trial judges, moves the Court to enter an order staying this case pending resolution of the criminal proceedings now pending against the above named Defendants, and enter a protective order relieving Defendants from responding to any future discovery that may be issued by the Plaintiff. In support, Defendants show as follows:

1. This action arises out of an incident occurring on or about February 21, 2004, wherein the above-named Defendants are alleged to have damaged the Plaintiff's real property by setting it on fire.[1] (See Compl. ¶ 1.)

2. Defendants respectfully move this Honorable Court to enter an order staying this action and relieving them from the duty to respond to any future discovery requests pursuant to Fed. R. Civ. P. 26(c) because there are criminal charges

---

[1] Christopher B. French, and Jerome Short were both charged and indicted under Section 9-13-11 of the Code of Alabama and are currently awaiting trial on those charges in the Circuit Court of Russell, County Alabama ; Case Nos. CC-04-433 and CC-04-609.

pending against them arising out of the alleged occurrence made the basis of this suit.

3. Defendants have a right against self incrimination guaranteed by the Fifth Amendment to the United States Constitution. This right is guaranteed to state court Defendants pursuant to the Fourteenth Amendment to the United States Constitution. Furthermore, criminal Defendants in Alabama proceedings are protected from self incrimination by Article 1, §6 of the Alabama Constitution (1901). While the United States Constitution does not mandate the postponement of civil proceeding pending the adjudication of a parallel criminal proceeding, a trial court certainly has the vested authority and discretion to do so. Securities and Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368, 1375 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980). Trial judges are vested with the broad discretion "to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "when the interests of justice seem to require such action…"" Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1202, (quoting United States v. Kordel, 397 U.S. 1, 12 n.27.)

4. Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…" F. R. Civ. P. 26(b)(1). Even had Rule 26 failed to mention the exception to privileged information, it is agreed that the Fifth Amendment would protect any civil party who asserts the privilege on the basis that their discovery responses would subject them to self incrimination. Wehling v. Columbia Broadcasting, 608 F.2d 1084, 1086 (5th Cir. 1979). The fact that a

party raises a Fifth Amendment privilege in the context of a civil matter as opposed to a criminal matter does not disallow its preclusive effect. Id.

5. The Supreme Court of Alabama has recognized that a civil party's Fifth Amendment rights against self incrimination cannot be adequately protected by requiring him to simply assert his right to remain silent when asked a specific question. Ex Parte Ebbers, 2003 Ala. Lexis 217, HN 20. As the Supreme Court of Alabama has stated:

> Such an approach construes the Fifth Amendment too narrowly. The dangers of such an approach have been identified as including the possibility of a criminal investigator's being "planted" at the deposition, the revealing by the deponent of his weak points by his selection of which questions he refuses to answer, and the opportunity presented to the prosecutor of deriving, by a point-by-point review of the civil case a "link in the chain of evidence" that would unconstitutionally contribute to the defendant's conviction in the criminal case.

Id. (citations omitted). For these reasons, Defendants should not be required to appear and/or testify at any civil trial of this matter and should not be required respond to any future discovery requests propounded by the plaintiff including, but not limited to interrogatories and oral depositions.

6. Rather than requiring Defendants to raise a Fifth Amendment privilege, and object to responding to certain interrogatories, certain requests for production, and to deposition questions, and/or provide testimony at any civil trial, Defendants ask that this civil action, in its entirety, and the discovery pertaining to these Defendants be stayed pending adjudication of the criminal case currently pending before the Circuit Court of Russell County, Alabama. This

case is in its infancy and the Plaintiff would not be prejudiced by relief requested through this motion. This action was initiated in February 2006.

7. The undersigned counsel for Defendants certify that they have in good faith attempted to resolve the issues presented by this motion, but failed to reach a resolution amenable to all parties.

WHEREFORE, the premises considered, Defendants respectfully move this Honorable Court to enter an Order staying this action in its entirety, and further enter an order pursuant to Fed. R. Civ. P. 26(c) protecting Defendants from responding to any future discovery requests including oral depositions until ultimate adjudication of the criminal cases currently pending against the Defendants.

Dated this the 22nd day of May, 2006.

ATTORNEYS FOR DEFENDANTS:

_____/s/ Leon A. Boyd, V_____
HERMAN COBB (COB004)
LEON A. BOYD, V (BOY035)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

CERTIFICATE OF SERVICE

       I hereby certify that I have served a copy of the foregoing document upon the following by either electronic service or by placing a copy of same in the United States Mail, postage prepaid and properly addressed this the 22nd day of May, 2006.

James L. Martin, Esq.
PO Box 14
Eufaula, Alabama 36072-0014

Joel H. Pearson, Esq.
PO Box 4804
Montgomery, Alabama 36103-4804

                                                              /s/ Leon A. Boyd, V
                                                              OF COUNSEL